# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2013

Lyle W. Cayce
Clerk

No. 12-20643
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR DECASTRO-RODRIGUEZ, also known as Victor Rodriguez Decastro,
also known as Victor Decastro Rodriguez, also known as Victor R. Decastro, also
known as Victor R. Decastro-Sanchez, also known as Victor Rodriguez
Decastro-Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-330-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor DeCastro-Rodriguez appeals the 36-month sentence he received for
illegal reentry after deportation. He asserts that the district court procedurally
erred in upwardly departing under U.S.S.G. § 4A1.3(a) from the guidelines range
of 24 to 30 months with an offense level of 10 and a criminal history category of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

VI to a sentence commensurate with an offense level of 12 and a criminal history of VI, without explaining why it rejected the intermediate offense level.

We review the issue for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). Although DeCastro-Rodriguez objected that his sentence was procedurally and substantively unreasonable, he did not specifically address the district court's reliance on § 4A1.3, its conclusion that his criminal history was under-represented, or its lack of explanation of why it rejected an intermediate offense level in arriving at the sentence.

The district court's failure to address the intermediate criminal history category was not a clear or obvious error. *See Puckett*, 556 U.S. at 135. It is apparent from the district court's reasons that it imposed the 36-month sentence based on DeCastro-Rodriguez's criminal background. The district court noted the number of offenses within a period of approximately 14 years and the repetition of certain offenses such as burglary and narcotics, as well as the fact that DeCastro-Rodriguez had reached the highest criminal history category by age 27 even though no criminal history points were awarded for his juvenile convictions. *See United States v. Ashburn*, 38 F.3d 803, 809-10 (5th Cir. 1994) (en banc). Further, the district court's departure to a 36-month sentence, six months above the top of the advisory guidelines range, fell shy of the sort of departure for which this court has required an explicit statement of reasons for rejecting each intermediate increase. *See id.* at 809-10. Accordingly, we find no plain error.

AFFIRMED.